UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re: Case No. 1-07-73330-dem

STEPHEN NICHOLAS, Chapter 13

Debtor.
-----------------------------------------------------------x
STEPHEN NICHOLAS,

Adv. No. 1-07-08222-dem

Plaintiff,

-against-

MATTHEW E. OREN,

Defendant.
-----------------------------------------------------------x

**CORRECTED[1] DECISION AND ORDER ON APPLICATIONS FOR SUMMARY JUDGMENT**

Appearances:

Avrum J. Rosen, Esq.
Law Offices of Avrum J. Rosen
Attorneys for Plaintiff
38 New Street
Huntington, New York 11743

Matthew E. Oren
Defendant
Defendant Pro Se
77-17 138th Street
Flushing, New York 11367

---

[1] This Decision and Order contains no substantive changes from or revisions to this Court's Decision and Order on Applications for Summary Judgment dated and filed June 5, 2009. This Decision and Order corrects three typographical errors and one grammatical error from that Decision and Order.

DENNIS E. MILTON
United States Bankruptcy Judge

## INTRODUCTION

The matter before the Court in this adversary proceeding on the application of the plaintiff and the cross motion of the defendant for summary judgment.

On August 27, 2007, Stephen Nicholas (the "debtor" or "plaintiff") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On August 29, 2007, the debtor commenced an adversary proceeding by filing a Complaint against Matthew E. Oren (the "defendant"). On September 7, 2007, the debtor filed and served an Amended Complaint.

Each of the parties has filed motions addressed to the Amended Complaint. On February 15, 2008, counsel for plaintiff filed a motion for summary judgment (the "Motion"). In the Motion, the plaintiff sought (a) a finding that the defendant's Promissory Note charged an usorious rate of interest and was void ab initio; (b) an order prohibiting the defendant from charging compound interest and directing that the defendant recalculate the amount due him; and (c) an Order fixing the amount of the defendant's claim.[2]

On May 27, 2008, the defendant filed a Notice of Cross-Motion (the "Cross-Motion") in which he sought an Order (a) granting defendant summary judgment dismissing all causes of action in the Compliant; (b) awarding the defendant a priority claim in the sum of at least $96, 259.72 as of May 31, 2008 plus post-petition collection costs and legal fees; (c) instructing the Trustee to recover back funds into escrow that were either improperly disbursed at closing on the subject apartment, or prematurely disbursed to the debtor's real estate attorney

[2] The relief which Plaintiff initially sought in certain of the causes of action has been rendered moot as a result of the Court's issuance of an Order following the filing of the Complaint which granted the relief in substance and provided for the sale of Plaintiff's shares in the cooperative apartment to go forward.

and cooperative apartment managing agent; (d) scheduling a hearing with regard to sanctioning the debtor's attorneys; and (e) dismissing debtor's summary judgment motion of the grounds of defective service and filing.

For the reasons set forth below, the Court denies that portion of the plaintiff's motion which seeks a finding that the defendant's Promissory Note charged a usorious rate of interest and was void ab initio but grants that portion of the Motion which seeks an Order (1) prohibiting the defendant from charging compound interest and directing that the defendant recalculate the amount due him; and (2) fixing the amount of the defendant's claim upon review of that recalculation. With regard to the Cross-Motion, the Court grants that portion of the Cross-Motion to the limited extent that it seeks an Order fixing the defendant's claim. The Court denies the Cross-Motion in all other respects.

**JURISDICTION**

This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2) and the Eastern District of New York standing order of reference dated August 28, 1986. This Decision and Order constitutes the Court's findings of fact and conclusions of law to the extent required by Fed. R. Bankr.P. 7052.

**FACTUAL BACKGROUND**

In or about May 1999, the debtor executed a Secured Promissory Note (the "Note") in favor of the defendant in the principal amount of $44,000.00, with interest thereon in the amount of 10.5% per annum. On or about July 19, 2007, the defendant notified the debtor that the debtor had defaulted pursuant to the term of the Note. On August 27, 2007, the debtor filed a voluntary petition for relief pursuant to chapter 13 of the Bankruptcy Code.

On August 29, 2007, the debtor commenced an adversary proceeding by filing a Complaint against Matthew E. Oren (the "defendant"). In the Complaint, in a single cause of action, the debtor sought a judgment compelling the defendant to produce documents to allow the closing of the debtor's sale of the debtor's interest in his apartment stock shares (the "apartment") to close.

On September 7, 2007, the debtor filed and served an Amended Complaint, which contained additional causes of action against the defendant. The First Cause of Action in the Amended Complaint was the same cause of action as in the Complaint. The debtor sought damages for the alleged violation in Count One of the Amended Complaint (Second Cause of Action of Amended Complaint); a determination of the amount of defendant's secured claim pursuant to Section 502 of the Bankruptcy Code (Second Cause of Action)[sic]; a determination of the allowed claim of the defendant pursuant to Section 506 of the Bankruptcy Code (Third Cause of Action); a judgment directing defendant to turn over the property necessary to allow the debtor's sale of the cooperative apartment to go forward pursuant to Section 542 of the Bankruptcy Code (Fourth Cause of Action); a judgment declaring defendant's note void ab initio as violative of New York General Obligations Law § 522's prohibition of usorious lending (Fifth Cause of Action); a judgment declaring defendant is not entitled to compound interest pursuant to New York General Obligations Law § 5-527 (Sixth Cause of Action); and an order pursuant to N. Y. Banking Law § 173 fixing the maximum allowable interest on defendants note at 12 per cent per annum (Seventh Cause of Action). On November 2, 2007, the defendant filed an answer to the Amended Complaint.

As noted above, each of the parties has filed motions addressed to the Amended Complaint. On February 15, 2008, counsel for plaintiff filed the Motion. On or about

February 26, 2008, the defendant filed a document which he entitled "Preliminary Response to Debtor's Defectively Served and Filed Summary Judgement Motion." On or about March 5, 2008, counsel for plaintiff filed a reply affirmation to the defendant's Preliminary Response. On or about March 7, 2008, the defendant filed a supplemental affidavit in opposition to the Motion. On or about March 20, 2008, counsel for the plaintiff filed a reply affirmation in response to the defendant's supplemental affidavit.

On May 27, 2008, the defendant filed the Cross-Motion. On or about October 7, 2008, counsel for the plaintiff filed a Response to the Cross-Motion. On October 16, 2008, the defendant filed a Reply in further support of the Cross-Motion.

On October 17, 2008, the Court conducted a hearing on the Motion and the Cross-Motion. Following argument, the Court reserved decision, taking the matters under advisement. This decision follows.

## DISCUSSION

It is well settled that summary judgment will be awarded when there is no genuine issue of material fact, and the prevailing party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Pursuant to Fed.R.Civ.P. 56(c), made applicable to these proceedings by Fed.R.Bank.P. 7056, a moving party is entitled to summary judgment as a matter of law if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A "material" fact is one "that might affect the outcome of the suit under

governing law," and a "genuine" issue is one for which "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248.

In the Second Circuit, the summary judgment standard is clear. See Marvel Characters Inc. v. Simon, 310 F.3d 280, 285 (2d Cir. 2002). The Second Circuit has stated that to determine whether a genuine issue of material facts exists "a Court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant . . . Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." Id. at 286. In evaluating these motions, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 533 (1986). The existence of a factual dispute alone is insufficient to defeat a motion for summary judgment; the non-moving party must offer probative evidence tending to support its position. Anderson, 477 U.S. at 256. Summary judgment may be entered against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 321.

The Court has conducted a hearing and reviewed the documentary evidence submitted by the parties. In the present case, there are no genuine issues of material fact and summary judgment is appropriate.

**FINDINGS OF FACT**

The Court finds that no genuine dispute exists as to the following material facts.

1. In or about May 1999, the debtor executed the Note in favor of the defendant

in the principal amount of $44,000.00, with interest thereon in the amount of 10.5% per annum.

2. On or about July 11, 2007, the debtor entered into a proposed contract of sale of the Apartment (the “Contract”). The Contract provided for the sale of the debtor’s interest in the Shares for $100,000.00.

3. On or about July 19, 2007, the defendant notified the debtor that the debtor had defaulted pursuant to the terms of the Note.

4. The Note provided for a default interest rate of 19.6%.

5. Based on the default, the defendant noticed an Auction Sale pursuant to the New York Uniform Commercial Code (the “UCC”) to sell the debtor’s interest in 173 shares of the capital stock (the “Shares”) of Windsor Terrace at Jamaica Estate Owners, Inc., and all right, title and interest in and to a proprietary lease allocated to Apartment 102 in the building known as 170-40 Highland Avenue, Jamaica, New York. The auction sale was to take place on August 28, 2007 (the “Sale Date”).

6. The defendant refused to postpone or cancel the auction sale to allow the debtor time to sell the Shares.

7. On August 27, 2007, the debtor filed a voluntary petition for relief pursuant to chapter 13 of the Bankruptcy Code.

8. By Order dated September 27, 2007, this Court authorized the debtor to close on the Contract, and the closing occurred.

9. On January 3, 2008, the defendant filed a proof of claim in the main case in the amount of $81,471.21.

**A. The Motion**

On February 15, 2008, counsel for plaintiff filed the Motion. In the Motion, Plaintiff sought (a) a finding that the defendant's Promissory Note charged a usorious rate of interest and was void ab initio; (b) an order prohibiting the defendant from charging compound interest and directing that the defendant recalculate the amount due him; and (c) an Order fixing the amount of the defendant's claim.

The plaintiff acknowledges that developments in this case following the filing of the Amended Complaint and the Motion have rendered the relief sought in certain causes of action moot, and the Motion as filed no longer applies to those causes of action.[3] In the Second and Third Causes of Action, the plaintiff sought a determination of the amount of defendant's secured claim and the amount of defendant's allowed claim. These determinations must await the resolution of the claims in the Fifth and Sixth Causes of Action. In Count Five, the plaintiff claimed that the defendant engaged in conduct which violated provisions of the New York General Obligations Law which prohibited the imposition of usorious rates of interest.

Plaintiff's argument that the note is subject to the usury prohibition of Section of the New York General Obligation Law is unpersuasive. See Mandelino v. Fribourg, 23 N.Y. 2d 145, 295 N.Y.S.2d 645 (1968). In Mandelino, the purchase money mortgage by its terms required the payment of 7 per cent interest. The statutory regulation of usury then required that the rate of interest "upon the loan of forbearance of any money ... should be 6%." Although the Court of Appeals noted in Mandelino a purchase money loan transaction may provide a "cloak" for a usorious loan, the Court of Appeals found that that it did not in the case at hand. 23 N.Y.2d at 151. Here, the plaintiff has failed to establish that the loan in question with its default interest

[3] The Causes of Action for which the requests for relief have been rendered moot are the First, Second and Fourth Causes of Action.

rate of 19% was usorious. Accordingly, the application for summary judgment on Count Five of the Amended Complaint is denied.

In Count Six, the plaintiff alleged that the defendant improperly compounded interest upon interest and late fees in calculating his claim. Paragraph 6 of the Note governed late and overdue payments. The Note provided for a late charge of the greater of either $25.00 or 2% of the amount overdue.[4] Plaintiff argued that in this case, a $25.00 late charge for the monthly payment was the equivalent of a late charge interest rate of 5.4% per month, which on an annualized basis, was in excess of the criminal usury rate of 25%, and offered instances where plaintiff assessed charges at such rates in this case.

The plaintiff has met his burden of proof and established that the defendant violated the provisions of Section 527 of the New York General Obligations Law in computing interest upon interest. As a remedy, counsel for the plaintiff argued that this rendered the Note void ab initio and that this violation barred any recovery by the defendant. Although there is some authority for this position, such a result would be inequitable under the circumstances, and the Court declines to follow it. At the argument of the Motion and Cross-Motion, the Court indicated that if it were to find that the loans were usorious, it would give the defendant an additional opportunity to calculate his claim. Accordingly, if he so chooses, the defendant may recompute any amounts alleged to be due and owing, without compounding interest payments and applying the late fee interest rates to those payments, and shall file such calculation on or before June 22, 2009. Counsel for plaintiff shall submit a reply submission, if he so chooses,

---

[4] This provision of the Note also provided that after thirty days the lender was entitled to add any unpaid interest or unpaid late charge to the remaining principal indebtedness and to charge interest on the total indebtedness at the rate provided for in the Note.

on or before July 8, 2009.

In preparing this submission, counsel for the defendant may find the Court's findings and guidance concerning its presently filed Proofs of Claim useful. The defendant has filed a claim described as a secured priority claim in the amount of $81,471.21, broken down as follows:

| | |
|---|---|
| Unpaid Principal: | 43, 224.16 |
| Interest through 8/27/07: | 28, 354.77 |
| Late fees | 2,175.00 |
| Administrative Fees & Corporate Advances | 5,000.00 |
| Attorneys Fees | 2,718.28 |
| Total of Proof of Claim | 81, 471.21 |

The Court would look for supporting documentation with regard to the appropriate amount for each category of expense, especially with regard to Interest and the Administrative Fees.

Counsel for plaintiff has provided several schedules to the Court regarding the calculation of the claim amount should the Court sustain the validity of the Note even if it were to find defendant violated the General Obligations Law.

(i). The Plaintiff's First Calculation

The first schedule contains the calculation of principal and interest at the non-default rate, without compounding of interest, and results in a balance due of $37,297.59. If a 16% default rate of interest is assumed, the amount of default rate interest would be $19,394.74, for a total claim amount of $56,692.33. The plaintiff had made post default payments, totaling $5,864.83. Under this theory, the defendant would have an allowed claim against the debtor for Principal and Interest in the amount of $50,827.50 [$37,297.59 + $19,394.74 -$5,864.83= $50,827.50]..

(ii). The Plaintiff's Second Calculation

In the second calculation, counsel for plaintiff assumes the contract rate of default interest of 19.6% is allowed, resulting in an interest amount of $23,758.56. When the post default payment totaling $5,864.83 is deducted, the claim with regard to Principal and Interest would be in the amount of $55,191.32 [$37,297.59 + $23,758.56 -$5,864.83= $55,191.32] .

It would be helpful for the defendant to prepare his calculation with the above schedules in mind, distinguishing them where appropriate.

**B. The Cross-Motion**

On May 27, 2008, the defendant filed the Cross-Motion in which he sought (a) an order granting defendant summary judgment dismissing all causes of action in the Complaint; (b) awarding the defendant a priority claim in the sum of at least $96, 259.72 as of May 31, 2008 plus post-petition collection costs and legal fees; (c) instructing the Trustee to return funds into escrow that were either improperly disbursed at closing on the subject apartment, or prematurely disbursed to the debtor's real estate attorney and cooperative apartment managing agent; (d) scheduling a hearing with regard to sanctioning the debtor's attorneys; and (e) dismissing debtor's summary judgment motion of the grounds of defective service and filing.

Defendant has withdrawn the request for sanctions against the debtor's attorneys in the Cross-Motion and submitted a separate motion. With regard to defendant's request for an order directing the Trustee to obtain and return funds into escrow that were either improperly disbursed at closing on the subject apartment, or prematurely disbursed to the debtor's real estate attorney and cooperative apartment managing agent, that portion of the application is denied. The defendant challenges what he calls the defective service of the motion papers in this case.

Given the Court's granting of extensions of time to file papers and the passage of time, the Court also denies this portion of the Cross-Motion.

The debtor has expressed an intention to seek additional relief from this Court. In light of the number of motions filed concerning what in the real world is usually a minor and simple transaction, the inappropriate language and overall lack of civility exhibited, both parties are advised that the Court is contemplating the issuance of an Order: (1) prohibiting the plaintiff and the defendant from filing any future lawsuits in the Eastern District of New York without prior permission of the Court; (2) prohibiting the plaintiff and defendant from filing any papers in connection with this case, unless such papers are in response to those submitted by their adversary; and (3) imposing monetary sanctions. See In re Hartford Textile Corp., 613 F.2d 388, 390 (2d Cir. 1979)(holding that a district court may not enjoin, sua sponte, further filings of frivolous or vexatious claims without providing express notice and a hearing); see also Board of Managers of 2900 Ocean Avenue Condominium v. Bronkovic, 83 F.3d 44, 45(2d Cir. 1996)(A district court is required to provide notice and an opportunity to be heard prior to enjoining the filing of claims); Safir v. United States Lines, Inc., 792 F.2d 19, 25 (2d Cir. 1986).

**CONCLUSION**

For the reasons set forth above, the Court denies that portion of the plaintiff's motion which seeks a finding that the defendant's Note charged a usorious rate of interest and was void ab initio but grants that portion of the Motion which seeks an Order (1) prohibiting the defendant from charging compound interest and directing that the defendant recalculate the amount due him; and (2) fixing the amount of the defendant's claim upon review of that recalculation. With regard to the Cross-Motion, the Court grants that portion of the Cross-

Motion only insofar as it seeks an Order fixing the defendant's claim but otherwise denies the Cross-motion in all respects.

IT IS SO ORDERED.

Dated: Brooklyn, New York
September 1, 2009

S/ Dennis E. Milton
DENNIS E. MILTON
United States Bankruptcy Judge

To: Avrum J. Rosen, Esq.
Law Offices of Avrum J. Rosen
Attorneys for Plaintiff
38 New Street
Huntington, New York 11743

Matthew E. Oren
Defendant
Defendant Pro Se
77-17 138th Street
Flushing, New York 11367

Michael J. Macco, Esq.
Chapter 13 Trustee
135 Pinelawn Road, Suite 120 South
Melville, New York 11747