UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                    Case No. 1-07-73330-dem

STEPHEN NICHOLAS,                              Chapter 13

              Debtor.
-------------------------------------------------------------x
STEPHEN NICHOLAS,

                                   Adv. No. 1-07-08222-dem

              Plaintiff,

        -against-

MATTHEW E. OREN,

              Defendant.
-------------------------------------------------------------x

## DECISION AND ORDER ON APPLICATIONS FOR SUMMARY JUDGMENT FOLLOWING SUBMISSION OF PARTIES' CALCULATIONS

Appearances:

Avrum J. Rosen, Esq.
Law Offices of Avrum J. Rosen
Attorneys for Plaintiff
38 New Street
Huntington, New York 11743


Matthew E. Oren
Defendant Pro Se
77-17 138th Street
Flushing, New York 11367

DENNIS E. MILTON
United States Bankruptcy Judge

**INTRODUCTION**

The matter is before the Court in this adversary proceeding on the application of the plaintiff Stephen Nicholas (the "Motion") and the Cross-Motion of the defendant Matthew E. Oren for summary judgment. Familiarity with the facts and procedural history as set forth in this Court's Decision and Order dated June 5, 2009 (the "Decision and Order") is assumed. In the Decision and Order, the Court denied that portion of the plaintiff's Motion which sought a finding that the defendant's Promissory Note charged a usorious rate of interest and was void <u>ab initio</u> but granted that portion of the Motion which sought an Order (1) prohibiting the defendant from charging compound interest and directing that the defendant recalculate the amount due him; and (2) fixing the amount of the defendant's claim upon review of that recalculation. With regard to the Cross-Motion, the Court granted that portion of the Cross-Motion to the limited extent that it sought an Order fixing the defendant's claim. The Court denied the Cross-Motion in all other respects.

At the argument of the Motion and Cross-Motion, the Court indicated that if it were to find against the defendant, it would give the defendant an additional opportunity to calculate his claim. The Court included a provision in the Decision and Order which allowed the defendant to recompute any amounts alleged to be due and owing, without compounding interest payments and applying the late fee interest rates to those payments, and the plaintiff to submit a reply submission. In the Decision and Order, the Court provided what it had hoped would be a clear outline to the determination of the defendant's Proof of Claim:

> In preparing this submission, counsel for the
> defendant may find the Court's findings and
> guidance concerning its presently filed Proofs
> of Claim useful.  The defendant has filed a claim
> described as a secured priority claim in the amount
> of $81,471.21, broken down as follows:
>
> | | |
> |---|---|
> | Unpaid Principal: | 43, 224.16 |
> | Interest through 8/27/07: | 28, 354.77 |
> | Late fees | 2,175.00 |
> | Administrative Fees & Corporate Advances | 5,000.00 |
> | Attorneys Fees | 2,718.28 |
> | Total of Proof of Claim | 81, 471.21 |
>
> The Court would look for supporting documentation
> with regard to the appropriate amount for each
> category of expense, especially with regard to
> Interest and the Administrative Fees.

Decision and Order at 9-10.

    A.    The Defendant's Submission

On July 8, 2009, the defendant submitted his calculation.  Unfortunately, the defendant included both compound interest and late fees in its calculation, in direct contradiction of the Court's direction.  The defendant submitted two calculations, one totaling $107,742.50, and the other $101,253.24. Each of these calculations left legal fees and administrative expenses to be determined by the Court.

        1.    The $107,742.50 Calculation

The defendant submitted one exhibit entitled "Post-Petition Summary as of June 30, 2009 with legally justified and contractually provided for negative amortization after 30 day

unpaid simple interest default" which yields a total due of $107,742.50.  The defendant started with a base figure of $42,863.15, which he argued was the loan's unpaid balance as of the May 1, 2004 maturity date.  The defendant then added default interest at a rate of 19.6% beginning on May 1, 2004, totaling $59,054.70, together with late fees totaling $2,100.00 to arrive at an arrears as of the petition filing date of August 27, 2007 of $73,749.70.  He then added post-petition accrued interest to June 30, 2009 plus late fees of $2,675.00 to yield the total of 107,742.50.   As stated above, this calculation left legal fees and administrative expenses to be determined by the Court.

        2.        The $101,253.24 Calculation

The defendant also submitted a document entitled "Post-Petition Summary as of June 30, 2009 with legally justified and contractually provided for negative amortization after 30 day unpaid simple interest default" which yields a total due of $101,253.24.  He arrived at this total by starting with the claim that as of the May 1, 2004 maturity date, the loan had an unpaid balance of $41,528.42.  The defendant then adds default interest at a rate of 19.6% beginning on May 1, 2004, together with late fees totaling $2,100.00 to arrive at an arrears as of the petition filing date of August 27, 2007 of $69,755.27.  He then added post-petition accrued interest to June 30, 2009 of $31,430.000 plus late fees of $2675.00 to yield the total of 101,253.24.   This calculation also left legal fees and administrative expenses to be determined by the Court.

   B.    The Plaintiff's Reply

On July 8, 2009, counsel for the plaintiff served and filed a reply which contained

his calculation of the defendant's claim.  The calculation totaled $47,971.20 as follows:

| | |
|---|---:|
| Principal Balance (May 31, 2004) | 40,578.22 |
| Interest at 10.5% | 13,327.14 |
| [Deduct post maturity payment] | - 6450.00 |
| Default Interest | 515.84 |
| Total | 47,971.20 |

Counsel's submission contained an amortization schedule, which tracked all of the payments made according to the defendant's submission.  Consistent with the court's instruction to both parties, it does not contain compounding interest or late fees.

       C.       Determination of the Claim with regard to Unpaid Balance and Interest Fees

Rather than helping the Court in its analysis of its Proof of Claim, the defendant has now provided the Court with three separate presentations of its Proof of Claim.  The defendant starts with a different unpaid balance due on each submission.  The defendant's submissions in each case contain claims for amounts allegedly due post-petition. In addition, counsel for the defendant has failed to present adequate documentation to support its legal fees, administrative expenses and late fees.

The Court calculates defendant's proof of claim as follows.

The Court first finds that the unpaid balance of the Note on May 31, 2004, was $40,578.22.  The Court has found that the default in this case was not called until July 19, 2007.  Accordingly, the contract rate of interest shall run from May 31, 2004 until July 19, 2007, and the

contract default rate of 19.6% thereafter:

|  |  |
|---|---|
| Unpaid Balance: | 40,578.22 |
| Interest to July 19, 2007<br>($11.67 per diem interest<br>x 1142 days= 13,327.14) | 13,327.14 |
| Default Interest from July 19, 2007<br>29 days x 19.6% | 620.94 |
| Post Default Payments : | 6,450.00 |
| Allowed Claim | 48,076.30 |

D.    Determination of Legal Fees, Administrative Expenses and Late Fees

The defendant has failed to meet his burden of proof with regard to his claim for legal fees, administrative expenses and late fees, as the defendant has failed to present adequate documentation to support its claim for legal fees, administrative expenses and late fees.

## CONCLUSION

For the reasons set forth above, the Court fixes the Proof of Claim of the defendant Matthew E. Oren at $48,076.30.

IT IS SO ORDERED.

Dated: Brooklyn, New York
       September 1, 2009

                                              s/ Dennis E. Milton
                                              DENNIS E. MILTON
                                              United States Bankruptcy Judge

To:  Avrum J. Rosen, Esq.
Law Offices of Avrum J. Rosen
Attorneys for Plaintiff
38 New Street
Huntington, New York 11743

Matthew E. Oren
Defendant Pro Se
77-17 138th Street
Flushing, New York 11367

Michael J. Macco, Esq.
Chapter 13 Trustee
135 Pinelawn Road, Suite 120 South
Melville, New York 11747