UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                  Case No. 8-07-73330-dem

STEPHEN NICHOLAS,                 Chapter 13

               Debtor.
-------------------------------------------------------------x
STEPHEN NICHOLAS,

                                                Adv. No. 8-07-08222-dem

               Plaintiff,

            -against-

MATTHEW E. OREN,

               Defendant.
-------------------------------------------------------------x

## DECISION AND ORDER

Appearances:

Avrum J. Rosen, Esq.
Law Offices of Avrum J. Rosen
Attorneys for Plaintiff
38 New Street
Huntington, New York 11743


Matthew E. Oren
Defendant Pro Se
77-17 138th Street
Flushing, New York 11367



                                                      DENNIS E. MILTON
                                         United States Bankruptcy Judge

## INTRODUCTION

The matter is before the Court in this adversary proceeding on the application of the Motion of the defendant Matthew E. Oren ("Oren") for relief pursuant to "Rules 7052, 7059 7060 and/or 8002" of the Federal Rules of Bankruptcy Procedure. The Court has deemed his request for relief as three separate applications for relief: (1) a request for reconsideration under Rule 59 of the Federal Rules of Civil Procedure; (2) a request for relief from an order pursuant to Rule 60 of the Federal Rules of Civil Procedure; and (3) a stay pending appeal pursuant to Rule 8002 of the Federal Rules of Bankruptcy Procedure.

Familiarity with the facts and procedural history as set forth in this Court's Decisions and Orders dated June 5, 2009 and September 1, 2009 is assumed. As shown below, with the exception of an application for reconsideration of this Court's Decision and Order dated September 1, 2009, each of the applications is untimely and should be denied. Since Oren failed to establish grounds warranting the granting of his application for reconsideration, that motion should be denied. Finally, in light of the actions of the Chapter 13 case trustee in making distributions following the issuance of the Order granting confirmation, which included a distribution from the Trustee to Oren which Oren deposited, the appeal has become moot and the application for a stay pending appeal should be denied.

## JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§1334(b) and 157(b)(2) and the Eastern District of New York standing Order of reference dated August 28, 1986. This decision constitutes the Court's findings of fact and conclusions of law to the extent Fed. R.Bank. P. 7052 requires.

**ANALYSIS**

**A. The Application for Reconsideration Should Be Denied.**

Oren first seeks relief pursuant to Rule 59 of the Federal rules of Civil Procedure. Rule 59 permits a party to request a new trial or to seek to alter or amend a judgment. Such relief runs counter to notions of finality and therefore the standard for such relief "'is strict, and reconsideration will generally be denied.'" In re Taub, 421 B.R. 93, 1091 (Bankr.E.D.N.Y. 2009) (quoting Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995)). Other courts have stated that " [a] Rule 59 motion 'is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion.' " In re Taub, 421 B.R. at 101 (quoting Kapsis v. Brandveen, 2009 WL 2950245 at1* (E.D.N.Y. Sept. 8, 2009)(other citations omitted)). Courts have observed that "[t]o succeed on a motion to reconsider, 'the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision.'" In re Taub, 421 B.R. at 101, (quoting Banco Cent. Del Paraguay v. Paraguay Humanitarian Found., 2007 WL 2493684 at *2 (S.D.N.Y. Sept. 5, 2007)(internal quotations omitted)).

There is a strict time limit for the bringing of a motion for relief under Rule 59 of the Federal Rules of Civil Procedure. Relief under Rule 59 must be sought "no later than 10 days after the entry of the judgment." Rule 59(c), F.R. Civ. P. Oren's application is timely only with regard to the Court Decision and Order dated September 1, 2009. The application with regard to the Court's Decision and Order dated June 5, 2009 is untimely and must be denied on that basis.

With regard to the September 1, 2009 Decision and Order, Oren seeks an Order reconsidering and thereafter vacating this decision and order. However, Oren has failed to establish that he is entitled to any relief under Rule 59. His claim does not allege the existence of new evidence that has recently come to light, but instead seeks to relitigate issues already decided. Nor has Oren established the existence of any change in controlling law that would affect the outcome of the Court's prior rulings. Oren has not alleged or established that this Court committed any clear error of law. Thus, to the extent that Oren seeks reconsideration of the Court's prior decisions in this case, that application is denied.

### B. Oren's Application for Relief under Rule 60 Should Also Be Denied.

Oren next seeks an Order pursuant to Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b) lists six grounds for relief from an Order:

> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud ..., misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;
>
> (6) or any other reason that justifies relief.

Rule 60(b). The Second Circuit has stated that "[s]ince 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." In re Taub, 421 B.R at 102 (quoting Nemaizer v. Baker, 793 F.3d 58, 61(2d Cir. 1986)). Here, too, Oren has failed to carry

his burden of proof. His claim does not allege the existence of new evidence that has recently come to light, but instead seeks to relitigate issues already decided. Nor has Oren established the existence of any change in controlling law that would affect the outcome of the Court's prior rulings. Oren has not alleged or established that this Court committed any clear error of law.

### C. Oren's Application for a Stay Pending Appeal Should Be Denied

Finally, Oren seeks an Order pursuant to either Rule 8002 or Rule 8005 of the Federal Rules of Bankruptcy Procedure extending his time to appeal the June 5, 2009 Decision and Order and the September 1, 2009 Decision and Order of this Court. This application must be denied. After the Court's Decision and Order dated September 1, 2009, the Chapter 13 case Trustee completed the distribution of the assets of the debtor's plan, which had been confirmed. Oren received his distribution, which he deposited with a reservation of rights. The Trustee then made the distributions which the law required him to make. The debtor's discharge has been issued. Oren has failed to set forth any basis upon which that discharge may be set aside. See , e.g In re Ahmed, 2009 Bank LEXIS 2416 (Bankr. C.D.Ca. 2009). Accordingly, the appeal is now moot. Blackwell v. Little (In re Little), 253 B.R. 427, 429 (8th Cir. B.A.P. 2000). Oren's application for an extension of time to file a notice of appeal and a stay pending appeal are denied.

### CONCLUSION

Oren has failed to establish grounds warranting the granting of his application for reconsideration under Rule 59 of the Federal Rules of Civil Procedure. His claim does not allege the existence of new evidence that has recently come to light, but instead seeks to relitigate issues already decided in the underlying motion. That portion of his application must be denied.

In addition, Oren fails to carry his burden of proof to prevail on a motion to vacate the Decisions and Orders pursuant to Rule 60 of the Federal Rules of Civil Procedure, such as an allegation of the existence of new evidence that has recently come to light, any change in controlling law that would affect the outcome of the court's prior rulings, or that this Court committed any clear error of law.  That portion of his application must be denied.  Finally, in light of the actions of the Chapter 13 case Trustee in making distributions following the issuance of the Order granting confirmation, which included a distribution from the Trustee to Oren which Oren deposited,  the appeal has become moot and the application for an extension of time to file a notice of appeal and for a stay pending appeal must be denied.

        IT IS SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2010

                              s/ Dennis E. Milton
                              DENNIS E. MILTON
                              United States Bankruptcy Judge

To:    Avrum J. Rosen, Esq.
        Law Offices of Avrum J. Rosen
        Attorneys for Plaintiff
        38 New Street
        Huntington, New York 11743

        Matthew E. Oren
        Defendant Pro Se
        77-17 138th Street
        Flushing, New York 11367

        Michael J. Macco, Esq.
        Chapter 13 Trustee
        135 Pinelawn Road, Suite 120 South
        Melville, New York 11747